# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERT NELL DANIELS, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 13-0626-WS-C |
| UNITED STATES OF AMERICA, | : CRIMINAL ACTION NO. 08-0173-WS |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner, Robert Nell Daniels, has filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255 (Doc. 143). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Following consideration of all relevant pleadings in this case, it is recommended that Daniels' § 2255 motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1).

## FACTUAL BACKGROUND

On July 22, 2008, Daniels entered a counseled guilty plea to conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, as charged in Count One of the Indictment. (*See* Doc. 40.) Petitioner was sentenced to 240 months imprisonment on March 12, 2009, with the Court entering its written judgment one day later on March 13, 2009. (Doc. 83, at 1.) Daniels did not file a direct appeal. (Doc. 143, at 2 & 17.)

Daniels' *pro se* § 2255 motion was filed in this Court on or about December 11, 2013. (*See* Doc. 143, at 13.) Petitioner asserts that his motion to vacate is timely under 28

U.S.C. §§ 2255(f)(3) and (f)(4) because it is being filed within one year of the date the Supreme Court decided *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). (*See id.* at 12.) Daniels argues that the Supreme Court announced a new rule of substantive law in *Descamps* and invites this Court to decide that *Descamps* is retroactively applicable to cases on collateral review, *see Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir. 2004) ("As a panel of this Court noted, every circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2255(3)."), *aff'd*, 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005), as did the United States District Court for the Southern District of California—based on the government's concession of retroactivity—in *United States v. Isidoro*, 2013 WL 5353001 (S.D. Cal. Sept. 23, 2013). (*See id.*) In *Descamps*, the Supreme Court held that "sentencing courts may not apply the modified categorical approach [to determining whether a prior offense was a violent felony under the Armed Career Criminal Act] when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.* at ___, 133 S.Ct. at 2282.

## CONCLUSIONS OF LAW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied*, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

2

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the typical case, a petitioner interposes no argument in favor of application of subsections (2), (3), and (4) of § 2255(f), such that the timeliness of a motion to vacate, set aside or correct a sentence becomes relatively easy to calculate under § 2255(f)(1) based upon the date on which a petitioner's judgment of conviction became final. In this case, Daniels did not file a direct appeal and, therefore, his conviction became final fourteen (14) days after this Court entered its March 13, 2009 written judgment, that is, on March 27, 2009, the date on which the time for filing a notice of appeal with this Court expired. *Compare* Fed.R.App.P. 4(b)(1)(A)(i) *with Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). Thus, Daniels' one-year limitations period for filing his § 2255 motion began running on March 27, 2009 and expired on March 27, 2010. Of course, it is because Daniels' motion to vacate comes more than three and one-half (3½) years following the expiration of his one-year limitations period that he seeks to argue that his motion to vacate is timely under § 2255(f)(3) ("[T]he date on which the right asserted was initially recognized by

3

the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"), based upon the Supreme Court's recent decision in *Descamps* and his invitation to this Court to declare *Descamps* retroactively applicable to cases on collateral review, *see Dodd, supra*. (*See, e.g.*, Doc. 143, at 12.)[1]

Daniels' attempt to fall within the safe confines of § 2255(f)(3) need fail. The Supreme Court in *Descamps,* a direct review case, gave no indication that its decision applies retroactively on collateral review, *compare Descamps, supra, with Mays v. United States*, 2014 WL 2214336, *6 n.4 (N.D. Ala. May 28, 2014) ("[T]he Supreme Court has not made *Descamps* retroactively applicable to cases on collateral review[.]"); *Reed v. United States*, 2013 WL 5567703, *3 (M.D. Fla. Oct. 9, 2013) ("The Supreme has not declared that its decision in *Alleyne or Descamps* is to be given retroactive effect."), and since *Descamps* merely clarifies "the proper analytical approach for determining whether a defendant's sentence should be enhanced[,]" *United States v. Ramirez-Flores,* 743 F.3d 816, 820 (11th Cir. 2014); *see also United States v. Contreras,* 739 F.3d 592, 594 n.2 (11th Cir. 2014) (finding that *Descamps* "primarily addresses when it is proper to use the modified

---

[1] Daniels contends his motion to vacate is timely under § 2255(f)(4) ("[T]he date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.") because "Descamps and Isidoro are new facts that permit the reopening of the one year time limitations period under [] § 2255(f)(4)[.]" (Doc. 143, at 24; *see also id.* at 12 ("Daniels claims became discoverable in light of this Court[']s decision in Spencer v. United States, and the Supreme Court[']s decision in Descamps v. United States, declared to be retroactively applicable . . . [(]as conceded by the Government[)] in United States v. Isidoro.").) The petitioner's § 2255(f)(4) argument is due to be rejected since "discovery of a new legal court opinion does not trigger the statute of limitations in § 2255(f)(4)." *Rhodes v. United States*, 2013 WL 5797641, *2 (S.D. Ga. Oct. 28, 2013), citing *Madaio v. United States,* 397 Fed.Appx. 568, 570 (11th Cir. Sept. 24, 2010) (*per curiam*) ("Since Section 2255(f)(4) is predicated on the date that '*facts* supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.").

categorical approach" to sentencing under the ACCA), it did not announce a new rule of substantive law, *Harr v. United States,* 2014 WL 1674085, * 3 (C.D. Ill. Apr. 28, 2014) ("*Descamps* did not announce a new rule of law."); *cf. Graham v. United States,* 2013 WL 6490458, *6 n.2 (N.D. Ala. Dec. 10, 2013) ("There is reason to doubt that *Descamps* recognizes any new rule or right."). Inasmuch as it is clear to the undersigned that the Eleventh Circuit would not find *Descamps* retroactively applicable to cases on collateral review, consistent with the observations and holdings of the majority of courts that have considered this issue to date,[2] *see, e.g., Williams v. Ziegler,* 2014 WL 201713, *2 n.3 (S.D. W.Va. Jan. 17, 2014) ("Case law, however, indicates that *Descamps* is not retroactive to cases on collateral review."); *Baldwin v. United States,* 2013 WL 6183020, *2 (D. Md. Nov. 25, 2013) ("*Descamps*—and by extension, *Royal*—are not retroactive, and do nothing to salvage Baldwin's untimely motion to vacate pursuant to 28 U.S.C. § 2255(f)(3)."); *Roscoe v. United States,* 2013 WL 5636686, *11 (N.D. Ala. Oct. 16, 2013) ("The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor has the court found any cases applying *Descamps* retroactively to cases on collateral review. Therefore, the court refuses to do so here."), petitioner's invitation to this Court to chart the path charted in *Isidoro* is rejected and cannot resurrect Daniels' untimely motion to vacate.

---

[2]  The outlier decision in *United States v. Isidoro, supra*, offers no assistance to this Court inasmuch as district courts in the Eleventh Circuit have unanimously come to a conclusion contrary to that reached in *Isidoro*. *Compare Roscoe, infra, with, e.g., Johnson v. United States,* 2014 WL 2215772, *2 (M.D. Fla. May 27, 2014) ("*Descamps* does not apply retroactively to cases on collateral review."); *Murphy v. United States,* 2014 WL 1388403, *5 (N.D. Ala. Apr. 9, 2014) ("*Descamps* has not been applied retroactively to cases on collateral review[.]").

5

Based upon the foregoing, and because Daniels' motion contains no argument that he is entitled to equitable tolling of the limitations period (*see* Doc. 143)—and "there is nothing in the record to support its application[,]" *Stevens v. United States*, 2013 WL 3458152, *2 n.2 (N.D. Miss. Jul. 9, 2013)—or that he is factually innocent of the crime for which he was convicted—[3] the undersigned recommends that his § 2255 motion be dismissed.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."

---

[3] There can be no question but that the Supreme Court recently held in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013) that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *Id*. at ___, 133 S.Ct. at 1928. However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id*. (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.*, quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted).

In this case, petitioner merely contends that he is "actually innocent" of being a career criminal (*see, e.g.*, Doc. 143, at 27), not that he is actually innocent of conspiracy to possess with intent to distribute crack cocaine. Because Daniels does not assert his factual innocence, and certainly has supplied this Court with no "new" evidence establishing his actual innocence of the § 846 conspiracy charge, which is the relevant inquiry, his actual innocence claim lacks any merit.

28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for dismissing Daniels' motion to vacate, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claims. *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011);

*Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that the instant motion to vacate (Doc. 143) be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings.*" *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 3rd day of June, 2014.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**