IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT NELL DANIELS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. 08-0173-WS |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This matter comes before the Court on petitioner Robert Nell Daniels' filing styled "Motion to Reopen or Amend Original 2255(F)(3)&(4) Motion" (doc. 171).

In March 2009, Daniels was sentenced to a term of 240 months' imprisonment after pleading guilty to one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. (Doc. 83.) He did not pursue a direct appeal. On April 4, 2012, this Court entered an Order (doc. 130) reducing Daniels' sentence to 215 months based on Amendment 750 to the U.S. Sentencing Guidelines. In so doing, the Court expressly recognized that Daniels had been designated as a career offender at the time of his original sentencing and that, in the post-Amendment 750 world, his sentence would be driven by the § 4B1.1 career offender guideline rather than the § 2D1.1 drug quantity table. (*See* doc. 126, at 2-3 & n.3.)

More than four and a half years after his conviction, on December 11, 2013, Daniels filed a motion to vacate, set aside or correct his sentence (doc. 143) pursuant to 28 U.S.C. § 2255. In that § 2255 motion, Daniels sought relief under *Descamps v. United States*, --- U.S. ----, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), arguing that he had been wrongfully sentenced as a career offender. On July 21, 2014, the undersigned entered an Order (doc. 153) and Judgment (doc. 154) adopting the Report and Recommendation (doc. 149) and dismissing Daniels' § 2255 motion as untimely. In so doing, the Court reasoned that the *Descamps* decision was not retroactively applicable to cases on collateral review, such that 28 U.S.C. § 2255(f)(3) was unavailable to Daniels as a means of overcoming the one-year AEDPA filing deadline that

typically runs from the date on which the judgment of conviction becomes final. Daniels' appeal of this ruling was unsuccessful, as the Eleventh Circuit denied him a certificate of appealability via order dated February 23, 2015. (Doc. 162.)

Now Daniels comes forward with what he frames as a Motion to Reopen or Amend his long-denied § 2255 motion based on the Supreme Court's recent decision in *Johnson v. United States*, --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Daniels maintains that the *Johnson* decision provides him with a new avenue for challenging his career offender enhancement and renders the § 2255 motion he filed more than 21 months ago (and that was denied more than 13 months ago) timely under 28 U.S.C. § 2255(f)(3) & (4).

Daniels' Motion to Reopen or Amend is not well taken. The fundamental obstacle to the Motion is AEDPA's requirement that Daniels obtain precertification from the Eleventh Circuit of Appeals before pursuing a second or successive § 2255 petition. By statute, "[a] second or successive motion must be certified … by a panel of the appropriate court of appeals to contain … newly discovered evidence … or … a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Daniels has neither requested nor obtained leave from the Eleventh Circuit to file such a second or successive § 2255 motion. Although he does not state the authority on which he relies for his request to "reopen" or "amend" his § 2255 motion that was denied more than a year ago, Daniels is presumably traveling under Rule 60(b)(6), Fed.R.Civ.P.

Daniels' attempt to engraft a *Johnson* claim onto his earlier § 2255 petition without obtaining § 2255(h) precertification is misguided. Indeed, it is well settled that federal "prisoners could not use Rule 60(b) to evade the second or successive petition bar … by … adding a new ground for relief," but may instead do so only to challenge "some defect in the integrity of the federal habeas proceedings." *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011). Here, Daniels is attempting to amend his long-concluded § 2255 motion to include a brand-new *Johnson* claim. The Eleventh Circuit has observed that "*Johnson* announced a new substantive rule of constitutional law." *In re Rivero*, --- F.3d ----, 2015 WL 4747749, *2 (11th Cir. Aug. 12, 2015). Thus, Daniels is attempting to parlay the new substantive rule announced in *Johnson* into reopener or amendment of his long-concluded § 2255 motion. This is a new substantive claim, not a challenge to some defect in the integrity of the previous, long-concluded § 2255 proceedings. Under applicable law, petitioner's Motion to Reopen or Amend constitutes

an improper use of the Rule 60(b) vehicle to circumvent the precertification requirement for second or successive petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) ("a Rule 60(b) motion based on a purported change in the substantive governing law … would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar"). If Daniels wishes to bring a § 2255 claim raising a *Johnson* issue, he must comply with the procedure delineated in § 2255(h) and obtain leave from the Eleventh Circuit to file a second or successive petition. He has not done so; therefore, his Motion to Reopen or Amend must fail.

At any rate, the Eleventh Circuit has expressly "reject[ed] the notion that the Supreme Court has held that the new rule [announced in *Johnson*] should be applied retroactively on collateral review." *Rivero*, 2015 WL 4747749, at *2 (denying petitioner's application to file second or successive § 2255 motion to pursue *Johnson* claim on grounds that it was barred by language of § 2255(h)(2)). As such, even if Daniels had attempted to adhere to the precertification requirements of § 2255(h)(2), binding precedent would preclude him from being successful in such an endeavor.

For the foregoing reasons, petitioner's "Motion to Reopen or Amend Original 2255(F)(3)&(4) Motion" (doc. 171) is **denied**. Insofar as Daniels may wish to appeal this ruling, the Court declines to issue a certificate of appealability, and finds that petitioner has not shown that reasonable jurists would find debatable both the merits of an underlying claim and the procedural issues he seeks to raise. *See generally Williams v. Chatman*, 510 F.3d 1290, 1294 (11th Cir. 2007) (law of this circuit is "that a certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a … § 2255 proceeding") (citations and internal quotation marks omitted).

DONE and ORDERED this 15th day of September, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE