IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 08-0173-WS |
| | ) |
| **ROBERT NELL DANIELS,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter comes before the Court on defendant Robert Nell Daniels' filing styled "Motion for Reinstatement of Direct Appeal Right Pursuant to Title 28 U.S.C. § 2255" (doc. 179). In his Motion, Daniels asserts that "his court appointed counsel deprived him of effective assistance of counsel, because he failed to file a direct appeal after sentencing, and ignored his request to do so." (Doc. 179, at 1.) On that basis, Daniels asks the Court to grant him relief pursuant to *Strickland v. Washington* and appoint new counsel to pursue an out-of-time direct appeal on his behalf.

The post-conviction relief sought by Daniels is cognizable only through the procedural vehicle of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. The glaring threshold problem is that Daniels previously filed a § 2255 petition back in December 2013, and litigated it to an unsuccessful conclusion. Indeed, this Court entered an Order and Judgment denying Daniels' § 2255 motion in July 2014 and the Eleventh Circuit denied him a certificate of appealability in February 2015. (*See* docs. 143, 153, 154, 162.) If Daniels wishes to pursue a second or successive § 2255 petition, he must obtain prior authorization from the Eleventh Circuit Court of Appeals.[1] Because he has not done so, this Court lacks jurisdiction to

---

[1] Daniels is well aware of this requirement. After all, the court file reflects that he has submitted at least two applications to file second or successive § 2255 motions, but that the Eleventh Circuit denied them via orders entered on or about July 28, 2016 and February 21, 2017. (*See* docs. 176, 178.) The most recent of those applications involved Daniels' stated desire to pursue a claim "that he received ineffective assistance of trial counsel when his attorney failed to advise him of his right to appeal and failed to file a direct appeal after sentencing,
(Continued)

consider the claim presented in Daniels' present Motion.  *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. … Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").  The Eleventh Circuit has not authorized this Court to consider Daniels' current Motion, which is unquestionably a second and successive § 2255 motion; therefore, that Motion must be denied.

For the foregoing reasons, Daniels' "Motion for Reinstatement of Direct Appeal Right Pursuant to Title 28 U.S.C. § 2255" (doc. 179) is **denied** for lack of jurisdiction.  His embedded request for appointment of counsel is **denied as moot**.  Insofar as Daniels may wish to appeal this ruling, the Court declines to issue a certificate of appealability because the Motion (and any ensuing appeal from the denial of same) is patently frivolous.

DONE and ORDERED this 7th day of April, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

despite his request that counsel do so."  (Doc. 178, at 2.)  This is precisely the same claim that Daniels now attempts to raise in the District Court.  Six weeks ago, the Eleventh Circuit expressly denied him leave to file a second or successive § 2255 motion to pursue such a claim.  Yet Daniels thumbed his nose at the Eleventh Circuit ruling by proceeding to file his "Motion for Reinstatement of Direct Appeal Right" in this District Court anyway.  It is, of course, improper for a litigant to petition the appeals court for authorization to file a second or successive motion, receive a denial of that petition from the appeals court, and then attempt to circumvent the appellate ruling by proceeding to file that second or successive motion in the district court anyway.