# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 08-0173-WS |
| | ) | |
| ROBERT NELL DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on defendant Robert Nell Daniels' filing styled "Motion under 28 U.S.C. § 2241" (doc. 181).

Back in 2008, Daniels entered a guilty plea in this District Court to one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. (Docs. 39, 40.) At sentencing, he was found accountable for more than two kilograms of crack cocaine and more than one kilogram of powder cocaine. The undersigned originally sentenced Daniels to a term of imprisonment of 240 months; however, that sentence was subsequently reduced to 215 months pursuant to 18 U.S.C. § 3582(c)(2), based on the retroactive effect of Amendment 750 to the U.S. Sentencing Guidelines. (Doc. 83, 130-31.) During the last three and a half years, Daniels has been an extremely active *pro se* litigant in this matter. In December 2013, he filed a § 2255 petition, wherein he sought to challenge his classification as a career offender for sentencing purposes. (Doc. 143.) In July 2014, this Court dismissed Daniels' § 2255 petition as time-barred pursuant to 28 U.S.C. § 2255(f)(1). (Docs. 153, 154.) The Eleventh Circuit denied Daniels' motion for certificate of appealability in order to pursue an appeal of that ruling in February 2015. (Doc. 162.) In the ensuing months, Daniels submitted at least two separate applications to the Eleventh Circuit to file second or successive § 2255 motions pursuant to 28 U.S.C. § 2255(h), all of which were denied. (Docs. 176, 178.) He then attempted to circumvent the AEDPA "second or successive" requirement by filing a "Motion for

Reinstatement of Direct Appeal Right," which this Court denied via Order dated April 7, 2017. (Docs. 179 & 180.)[1]

As his latest gambit for attempting to evade the statutory obstacles preventing him from pursuing a second and successive § 2255 motion, Daniels now files what he calls a § 2241 Motion, wherein he once again seeks to challenge his status as a career offender under U.S. Sentencing Guidelines §§ 4B1.1 and 4B1.2. Although Daniels nominally relies on *Mathis v. United States*, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the substance of his § 2241 Motion appears to be a variant of the very same *Descamps* argument he has been unsuccessfully attempting to litigate for the last several years. In particular, his argument is that his sentence should be vacated or modified because his career offender enhancement was predicated on one or more underlying convictions that do not qualify as controlled substance offenses or crimes of violence within the meaning of the Guidelines. Daniels concludes that he is entitled to relief under § 2241 "because he is actually and factually innocent, of being a career offender in light of *Descamps* and more recently *Mathis*." (Doc. 181, at 18.) He reasons that "§ 2241 is the proper vehicle for relief, because Movant is barred from filing a second or successive § 2255." (*Id.*) Daniels' argument hinges on his contention that he has satisfied the requirements of the saving clause found at 28 U.S.C. § 2255(e).[2]

Appellate courts have long struggled with the meaning of § 2255(e), and particularly the "inadequate or ineffective" language that opens the portal to the availability of a § 2241 remedy.

---

[1] These motions are in addition to a host of other meritless motions filed by Daniels, including a Motion to File Petition for Rule 36 Motion (doc. 155) filed on November 20, 2014; a Motion for Sentence Modification Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 (doc. 160) filed on December 12, 2014; a Motion for Reconsideration for 782 Motion (doc. 165) filed on May 5, 2015; a Motion to Reopen or Amend Original 2255(F)(3)&(4) Motion (doc. 171) filed on September 4, 2015; and another Motion for Reconsideration (doc. 174) filed on March 10, 2016. Each of these motions was denied and was found to be entirely devoid of merit.

[2] That subsection reads as follows: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention***." 28 U.S.C. § 2255(e) (emphasis added).

However, certain bedrock principles are well settled. The Eleventh Circuit has consistently held that "the AEDPA restrictions in § 2255 on successive motions do not render a § 2255 remedy 'inadequate or ineffective' for purposes of the savings clause." *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1267 (11th Cir. 2013); *see also Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011) (*en banc*) ("We join all of those other circuits in refusing to interpret the savings clause in a way that would drop the § 2255(h) bar on second and successive motions, defeat its purpose, and render it pointless."). This spring, the Eleventh Circuit (in another *en banc* opinion) forcefully reaffirmed this point, as follows: "It makes no sense to allow a federal prisoner to evade the statutory framework [of AEDPA / § 2255] by filing a petition for a writ of habeas corpus." *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1091 (11th Cir. 2017) (*en banc*). Indeed, the *McCarthan* court reasoned that "[i]f the saving clause 'guarantee[d] *multiple* opportunities to test a conviction or sentence,' then the bar against second and successive motions under section 2255(h) would become a nullity. … Only prisoners who satisfy the exceptions of section 2255(h) may collaterally attack their sentences more than once." *Id.* at 1090 (citation omitted). Here, Daniels does not argue, or even suggest, that he can satisfy the § 2255(h) exceptions that might allow him to bring a second or successive collateral attack; indeed, he has repeatedly tried and failed to obtain appellate court approval to pursue such a second or successive petition. Rather, Daniels' position is that he is entitled to raise his sentencing guidelines challenges via § 2241 motion "because Movant is barred from filing a second or successive § 2255 where he cannot satisfy § 2255(h)." But binding circuit precedent cited above, including most recently *McCarthan*, forecloses the argument that § 2255(h)'s bar on second or successive motions to vacate opens the portal for him to bring a § 2241 motion to collaterally attack his sentence through a different statutory vehicle.

Nor does Daniels activate a right to pursue relief under § 2241 through his argument that "the retroactive new interpretation of statutory law, was not available at the time he filed his initial § 2255." (Doc. 181, at 19.) It is pellucidly clear that "a change in caselaw does not trigger relief under the saving clause." *McCarthan*, 851 F.3d at 1085. Indeed, the law of this Circuit is that "[a] motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim. Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek

certiorari in the Supreme Court." *Id.* at 1099.  Daniels does not qualify for the saving clause because his claims about whether his predicate offenses rendered him eligible or ineligible for career offender status under U.S.S.G. §§ 4B1.1 and 4B1.2 are cognizable under § 2255.  He was free to bring these claims about the interpretation of sentencing guidelines as applied to him via an initial § 2255 motion; therefore, the § 2255 remedy was adequate and effective.  If Circuit law was unfavorable to him at that time, Daniels still could have filed the § 2255 motion, raised those claims, and attempted to persuade the Eleventh Circuit (or ultimately the Supreme Court) to change the law.  Thus, the remedy by § 2255 motion was an adequate and effective means for Daniels to test such an argument.  He cannot now use the saving clause to make that claim in a petition for writ of habeas corpus under § 2241 as a means of circumventing or nullifying the procedural restrictions and infrastructure of 28 U.S.C. § 2255, which he effectively concedes he is unable to satisfy and which he has failed to satisfy despite numerous aggressive attempts in recent years.

For all of these reasons, the Court finds that Daniels' Motion under 28 U.S.C. § 2241 (doc. 181) is improper and fails as a matter of law under the Eleventh Circuit's *en banc* decision in *McCarthan*.  Therefore, the Motion is **denied**.  Insofar as Daniels may wish to appeal this ruling, the Court declines to issue a certificate of appealability because the Motion (and any ensuing appeal form the denial of same) is patently frivolous.

DONE and ORDERED this 13th day of June, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE